NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, | Civil Action No. 12-3499 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| 9.41845 ACRES OF LAND, MORE OR LESS, IN THE CITY OF JERSEY CITY, HUDSON COUNTY, NEW JERSEY et al., | |
| Defendants. | |

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, | Civil Action No. 12-7115 (SRC) |
| Plaintiff, | |
| v. | |
| .37 ACRES OF LAND, MORE OR LESS, IN THE CITY OF JERSEY CITY, HUDSON COUNTY, NEW JERSEY et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on two motions for a jury trial: 1) in Civil Action No. 12-3499, by Defendant the City of Jersey City ("Jersey City"); and 2) in Civil Action No. 12-7115, by Defendant View LSP, LLC ("View"). This Court held a hearing on both motions on August 19, 2013. For the reasons set forth below, both motions will be denied.

These cases both arise from condemnation actions between condemnee property owners and condemnor Plaintiff Texas Eastern Transmission, LP, which sought and obtained easements by condemnation for construction of a pipeline beneath properties owned by the Defendants. The key remaining issue in both cases is the amount of just compensation to which the Defendants are entitled. Both Jersey City and View have moved to have this issue determined by a jury trial.

There are no disputes over the relevant law. Federal Rule of Civil Procedure 71.1 states:

> (h) Trial of the Issues.
>   (1) Issues Other Than Compensation; Compensation. In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined:
>     (A) by any tribunal specially constituted by a federal statute to determine compensation; or
>     (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission.
>   (2) Appointing a Commission; Commission's Powers and Report.
>     (A) Reasons for Appointing. If a party has demanded a jury, the court may instead appoint a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons.

Defendants here have both demanded jury trials on the issue of compensation. Rule 71.1(h)(2)(A) gives this Court the discretion, for just reasons, to instead appoint a three-person commission to determine compensation. See also United States v. Delaware, L. & W. R. Co., 264 F.2d 112, 115 (3d Cir. 1959) ("the choice is vested in the discretion of the court.")

The express language of this rule instructs this Court to consider "the character, location, or quantity of the property to be condemned or for other just reasons" in making this decision. The location of the properties at issue does not appear to be a relevant factor in this decision. The quantity of the properties does, on the other hand, appear to be important. At the hearing,

2

counsel for Plaintiff stated that there were 20 parcels belonging to Jersey City at issue; the Complaint, however, lists 25 properties owned by Jersey City. Counsel for Plaintiff also stated that, in Civil Action No. 12-3680, a similar condemnation action against properties owned by Consolidated Rail Corporation, there may be a need for a determination of just compensation with regard to approximately 20 parcels.[1] In Civil Action No. 12-7115, two parcels are at issue. This Court thus finds that compensation related to the Texas Eastern pipeline in New Jersey will need to be determined for at least 27 parcels, and possibly as many as 48 parcels. Given these large numbers of parcels, a commission provides greater efficiency, judicial economy, and consistency than multiple trials.

The reasoning supporting the appointment of a commission to determine just compensation, rather than multiple juries, was well-stated by the district court, and affirmed by the Seventh Circuit, in Northern Border Pipeline Co. v. 64.111 Acres of Land in Will County, 2000 U.S. Dist. LEXIS 14078, 7-8 (N.D. Ill. Sept. 20, 2000), aff'd, 344 F.3d 693, 695 (7th Cir. 2003):

> [T]he compensation issues can be resolved more consistently and expeditiously by a commission of experts in the fields of land valuation and eminent domain than they can be by sixteen separate lay juries. Finally, appointing a commission to determine the compensation issues serves the interests of judicial economy by obviating the need for a sixteen jury trials or, as defendants suggest, one enormous, consolidated trial for all sixteen tracts.

What made sense for sixteen tracts makes more sense for 27 and even more for 48.

Furthermore, at the hearing, View's counsel described a compensation case of some complexity, raising challenging issues regarding a possible loss in value relating to the pipeline's

---

[1] The Complaint in Civil Action No. 12-3680 alleges that Consolidated Rail Corporation owns 21 parcels at issue.

impact on the previously approved development plan.  The complexity of these issues is another reason supporting the appointment of a commission of experts.

This Court exercises its discretion and will deny Defendants' motions to determine just compensation by jury trial.  Instead, pursuant to Rule 71.1, this Court will appoint a three-person commission to determine compensation.

For these reasons,

**IT IS** on this 22nd day of August, 2013, hereby

**ORDERED** that, in Civil Action No. 12-3499, Defendant Jersey City's motion for a jury trial (Docket Entry No. 32) is **DENIED**; and it is further

**ORDERED** that, in Civil Action No. 12-7115, Defendant View's motion for a jury trial (Docket Entry No. 30) is **DENIED**; and it is further

**ORDERED** that, in both cases, pursuant to Federal Rule of Civil Procedure 71.1(h), a three-person commission be appointed to determine issues of just compensation.

    s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J